**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amer A. Hattar, | No. CV-08-00702-PHX-FJM |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and memorandum of points and authorities in support of the petition (docs. 1 & 3), respondents' answer (doc. 11), petitioner's reply (doc. 15), a report and recommendation of the United States Magistrate Judge (doc. 17), and petitioner's objections (doc. 21). For the following reasons, we accept the magistrate judge's recommendation to deny the habeas petition as untimely.

On July 31, 2003, petitioner plead no contest to kidnaping (count one) and attempted sexual assault (count two). On May 2, 2003, he was sentenced for count one to an aggravated term of 8 years imprisonment followed by a term of community supervision equal to one day of every seven days of the sentence. The trial court suspended the imposition of sentence for count two and placed petitioner on lifetime probation.[1]

---

[1]On October 2, 2006, petitioner's period of community supervision was waived and he was permitted to begin serving his lifetime probation following his release from custody.

By entering a plea agreement, petitioner waived his right to a conventional direct appeal under A.R.S. § 13-4033(B), but retained the right to seek review in an "of-right proceeding" under Rule 32, Ariz. R. Crim. P.  Pursuant to Rule 32.4, petitioner had 90 days after entry of judgment and sentence to file his notice of post-conviction relief.  Petitioner filed a notice of post-conviction relief on May 12, 2003.  On December 1, 2003, appointed counsel notified the court that she could find no meritorious claims to raise on petitioner's behalf and the court granted a 45-day extension for petitioner to file his own petition.  After no additional filings were received, the court dismissed petitioner's post-conviction proceedings on February 17, 2004.  Petitioner did not seek review of the trial court's order of dismissal.  Therefore, his conviction became final 30 days later on March 18, 2004, when his time to seek review of the trial court's order expired.  See Ariz. R. Crim. P. 32.9(c); Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Therefore, petitioner had until March 18, 2005, to file a petition for writ of habeas corpus in federal court.

On January 12, 2007, almost three years after his post-conviction proceedings had been dismissed, petitioner filed a second Rule 32 notice of post-conviction relief alleging that his lifetime probation sentence is illegal.  The petitioner argued that his sentence violates: (1) the protection against cruel and unusual punishment in the Fifth, Eighth, and Fourteenth Amendments; (2) his right to equal protection under the Fifth and Fourteenth Amendments; and (3) his right to due process under the Fifth and Fourteenth Amendments.  The trial court dismissed petitioner's Rule 32 petition on February 1, 2007 finding that he was precluded from relief by Rule 32.2(a), Ariz. R. Crim. P., and review was summarily denied by the Arizona Court of Appeals and the Arizona Supreme Court.  On April 11, 2008, petitioner filed the pending petition for writ of habeas corpus on the same grounds as his January 2007

Rule 32 petition.  Because petitioner's habeas petition was filed after the AEDPA deadline, the petition is untimely absent statutory or equitable tolling.

Petitioner seems to claim that he recently discovered the legal significance of his sentence and should therefore be allowed to file this petition out of time.  However, petitioner's discovery of the legal basis for his claims does not affect the date from which the AEDPA statute of limitations began to run.  Petitioner learned of the factual predicate for his claims at the time that his sentence was imposed in May 2003; that he may not have understood the legal significance until later does not toll the statute.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("'Time begins [under 28 U.S.C. § 2244(d)(1)(D)] when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'") (quotation omitted).

Petitioner also argues that AEDPA is a statute of limitations rather than a jurisdictional time bar.  The only significance we can discern from this distinction is whether 28 U.S.C. § 2244(d) allows for equitable tolling, which remains an open question.  See Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007).  Yet, even if equitable tolling applies, petitioner does not argue that he was unable to file a timely petition due to extraordinary circumstances beyond his control.  Id.

We agree with the magistrate judge's conclusion that the habeas petition was not filed within the statute of limitations period set forth in 28 U.S.C. § 2244(d)(1), and that petitioner has failed to demonstrate that he is entitled to statutory or equitable tolling.

**IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

DATED this 6th day of February, 2009.

Frederick J. Martone
United States District Judge